**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

MAUREEN HARRINGTON, as personal
representative for the estate of BLAINE
HARRINGTON III,

                                        Plaintiff,

                    -against-

KAUSHAN MEDIA CORPORATION d/b/a
ALLWOMENSTALK.COM,

                                        Defendant.

----------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: __ 11/21/2023 __

**23-CV-03213 (JGLC) (VF)**

**REPORT AND**
**RECOMMENDATION**

**VALERIE FIGUEREDO, United States Magistrate Judge**
**TO: THE HONORABLE JESSICA G. L. CLARKE, United States District Judge**

On April 18, 2023, Plaintiff Maureen Harrington, as the personal representative for the

estate of Blaine Harrington III, commenced this copyright-infringement action against Defendant

Kaushan Media Corporation, doing business as "allwomenstalk.com." See ECF No. 1

("Compl."). On July 27, 2023, Plaintiff moved for entry of default judgment against Defendant.

ECF No. 12. To date, Defendant has not appeared or otherwise defended against this action. For

the reasons that follow, I respectfully recommend that default judgment be entered against

Defendant and that Plaintiff be awarded damages as calculated below.

## BACKGROUND

### A. Factual Background

Harrington, who is Plaintiff's late husband, was a "well-known" travel photographer whose work was published in "major news, business and travel magazines." Compl. ¶¶ 6-7. In 2012, Harrington created a photograph of hot air balloons flying at sunrise over the Sandia Mountains, which he took during the Albuquerque International Balloon Fiesta (the "Work"). Id. ¶ 10. On March 5, 2013, Harrington registered the Work with the United States Copyright Office. Id. ¶ 11. A copy of the Certificate of Registration is annexed to the complaint. See id. at Ex. A. Harrington is the owner of the copyright. Id. ¶¶ 12, 24.

Defendant is a digital magazine publisher specializing in women's content. Id. ¶ 13. Defendant advertises its business primarily through its website (https://allwomentalk.com/) and Facebook page. Id. ¶ 14. After the Work received its copyright registration, Defendant published the Work on its website in an article titled "Where can you find the best sunset in your state." Id. ¶ 15. A screenshot of Defendant's website, showing the Work, is included in the complaint. See id. ¶¶ 15-16, Ex. B.

Defendant did not have a license to use or display the Work and never obtained Plaintiff's permission to use the Work in connection with Defendant's business. Id. ¶¶ 17, 19. Plaintiff discovered Defendant's use of the Work in June 2022. Id. ¶ 20. Plaintiff subsequently notified Defendant in writing of the unauthorized use. Id. Plaintiff has been unable to negotiate a reasonable license with Defendant for use of the Work.[1] Id.

---

[1] The complaint does not indicate whether Defendant still has the Work on its website. The website URL included by Plaintiff in the complaint no longer leads to the article.

2

B. **Procedural Background**

Plaintiff commenced this action on April 18, 2023, asserting a single claim for copyright infringement under the Copyright Act, 17 U.S.C. § 501. See ECF No. 1 at ¶ 28. Plaintiff served Defendant the summons and complaint on June 7, 2023. See ECF Nos. 8-9. On July 5, 2023, the Clerk of Court entered a certificate of default against Defendant. ECF No. 11. On July 27, 2023, Plaintiff filed a motion for default judgment. ECF Nos. 12-16. To date, Defendant has never appeared in this case.

## DISCUSSION

Federal Rule of Civil Procedure 55 sets forth a two-step procedure for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011); see Fed. R. Civ. P. 55(a). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings. Mickalis Pawn Shop, 645 F.3d at 128; see also Fed. R. Civ. P. 54(b). Whether entry of default judgment at the second step is appropriate depends upon whether the allegations against the defaulting party are well-pleaded. See Mickalis Pawn Shop, 645 F.3d at 137.

"A defendant is always free to ignore the judicial proceedings [and] risk a default judgment." Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 706 (1982). The consequence is an "admission of all well-pleaded allegations against the defaulting

party." Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004).
Thus, because a party in default does not admit conclusions of law, "a district court need not
agree that the alleged facts constitute a valid cause of action." Mickalis Pawn Shop, 645 F.3d at
137. The essence of Federal Rule of Civil Procedure 55 is that a plaintiff can obtain from a
default judgment relief equivalent to but not greater than it would obtain in a contested
proceeding assuming it prevailed on all of its factual allegations. See Finkel v. Romanowicz, 577
F.3d 79, 85 (2d Cir. 2009); see also Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.
1981) ("[A] district court has discretion under Rule 55(b)(2) once a default is determined to
require proof of necessary facts and need not agree that the alleged facts constitute a valid cause
of action."). Therefore, the Court is "required to determine whether [Plaintiff's] allegations are
sufficient to establish [Defendant's] liability as a matter of law." Finkel, 577 F.3d at 84. "The
legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated
in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and Ashcroft v. Iqbal, 556 U.S.
662, 678 (2009), aided by the additional step of drawing inferences in the [non-defaulting
party's] favor." WowWee Grp. v. Meirly, No. 18-CV-706 (AJN), 2019 WL 1375470, at *5
(S.D.N.Y. Mar. 27, 2019).

"[A] plaintiff is not entitled to a default judgment and any concomitant damages as a
matter of right simply by virtue of a defendant's procedural default." Gould v. Marconi Dev.
Grp., LLC, No. 19-CV-1454 (MAD/DJS), 2020 WL 2042332, at *2 (N.D.N.Y. Apr. 28, 2020)
(citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)
(noting that courts must "supervise default judgments with extreme care to avoid miscarriages of
justice")).

In light of Defendant's default, I accept as true the well-pleaded allegations in the complaint, with the exception of those allegations relating to damages. See, e.g., Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC, 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009) ("When the Court enters a default judgment, as regards liability it must accept as true all of the factual allegations of the complaint, but the amount of damages are not deemed true.") (internal citations, alterations, and quotation marks omitted). As to damages, a district court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). This inquiry requires the court to: (1) "determin[e] the proper rule for calculating damages on . . . a claim," and (2) "assess[ ] plaintiff's evidence supporting the damages to be determined under this rule." Id.

Federal Rule of Civil Procedure 55(b)(2) "allows but does not require" the district court to conduct a hearing on the damages amount. Bricklayers and Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) ("[T]he court may conduct such hearings or order such references as it deems necessary and proper.") (internal quotation marks and citation omitted); see also Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012). Plaintiff's submissions have not been contested and the submissions provide all the information needed to determine Plaintiff's damages. As such, a hearing on Plaintiff's damages is not necessary.

### A. Defendant's Liability for Copyright Infringement

Plaintiff asserts one claim of copyright infringement premised on Defendant's unauthorized use of the Work on its website. See Compl. ¶¶ 23-30. To establish copyright

5

infringement, a plaintiff must prove "[(a)] ownership of a valid copyright, and [(b)] copying of constituent elements of the work that are original." Clanton v. UMG Recordings, Inc., 556 F. Supp. 3d 322, 327 (S.D.N.Y. 2021) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). To prove that a defendant copied constituent elements of an original work, a plaintiff must show that "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's" work. Id. (quoting Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1002 (2d Cir. 1995)); see also TufAmerica, Inc. v. Diamond, 968 F. Supp. 2d 588, 595 (S.D.N.Y. 2013).

First, Plaintiff has established ownership of a valid copyright of the Work. "[A] certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright." Ferdman v. CBS Interactive Inc. 342 F. Supp. 3d 515, 524 (S.D.N.Y. 2018). Here, Harrington created the Work in 2012 and registered the Work with the United States Copyright Office on March 5, 2013. Compl. ¶¶ 10-11. Additionally, Plaintiff attached the Certificate of Registration for the Work to the complaint. Id. at Ex. A.

Second, Plaintiff has established that Defendant copied the Work. Here, Plaintiff alleges that Defendant found a copy of the Work on the internet and "simply copied" it for their own use. Compl. ¶ 19. To support that allegation, Plaintiff has included a screenshot of Defendant's website, showing the Work in use on the site. Id. ¶¶ 15-16, Ex. B. The photograph appearing on Defendant's website appears to be identical. But even if not identical, the photograph on Defendant's website is indisputably strikingly similar to the Work, thus precluding the possibility of independent creation by Defendant. Plaintiff has therefore demonstrated actual copying of the Work by Defendant. See Stokes v. MilkChocolateNYC LLC, 22-CV-6786 (PAE)

(RWL), 2023 WL 4447073 at *6 (S.D.N.Y. July 11, 2023) (finding that a complaint alleging that

a defendant willfully posted a copyrighted photograph on its Instagram account demonstrated

direct evidence of actual copyrighting).

Finally, Defendant has failed to defend this action. Defendant has never appeared and has

defaulted. By virtue of its default, Defendant's infringement is deemed to have been willful. See

Kelly Toys Holdings, LLC v. alialialiLL Store, 606 F. Supp. 3d 32, 51 (S.D.N.Y. 2022).

In sum, Plaintiff has established Defendant's liability for willful copyright infringement

of the Work. I thus recommend that the Court enter default judgment against Defendant on

Plaintiff's copyright infringement claim in the complaint.

**B.  Plaintiff's Damages for Copyright Infringement**

Plaintiff seeks statutory damages, attorneys' fees and costs, and a permanent injunction.

See ECF No. 12 at 10-16.

1.  Statutory Damages

Plaintiff seeks statutory damages of $22,500 for Defendant's infringement. See ECF No.

12 at 13. A plaintiff who elects to recover statutory damages under the Copyright Act is entitled

to an award of between $750 and $30,000 per work infringed, "as the court considers just." 17

U.S.C. § 504(c)(1); see also Island Software and Computer Serv., Inc. v. Microsoft Corp., 413

F.3d 257, 262-63 (2d Cir. 2005). For a willful infringement, a court may award as much as

$150,000 per infringed work. 17 U.S.C. § 504(c)(2).

When determining the amount to award in statutory damages, courts consider: "(1) the

infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the

revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5)

the infringer's cooperation in providing evidence concerning the value of the infringing material;

7

and (6) the conduct and attitude of the parties." <u>Bryant v. Media Right Prods., Inc.</u>, 603 F.3d 135, 144 (2d Cir. 2010) (citing <u>N.A.S. Imp. Corp. v. Chenson Enter., Inc.</u>, 968 F.2d 250, 252-53 (2d Cir. 1992)). "District courts enjoy wide discretion in setting statutory damages." <u>Castillo v. G&M Realty L.P.</u>, 950 F.3d 155, 171 (2d Cir. 2020) (citing <u>Bryant</u>, 603 F.3d at 143); <u>accord Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.</u>, 807 F.2d 1110, 1116 (S.D.N.Y. 1986).

Here, consideration of the relevant factors supports an award of statutory damages below the $22,500 sought by Plaintiff. With respect to the first, second, and fifth factors, Defendant's default has made it impossible to determine Defendant's state of mind, its profits or expenses, or the value of the infringing material. Because Defendant defaulted, the Court may infer that Defendant financially benefitted to some extent from using the Work in its article. <u>See Skyrocket, LLC v. Comeyun</u>, No. 19-CV-11623 (PGG) (RWL), 2021 WL 9314807, at *7 (S.D.N.Y. May 6, 2021), <u>report and recommendation adopted</u>, 2022 WL 2712852 (S.D.N.Y. July 13, 2022) (concluding that default by defendants made it "impossible to determine the Defaulting Defendants' profits," and thus inferring that "Defaulting Defendants financially benefitted to a significant degree" from infringing work).

Turning to the third factor, Plaintiff submitted information concerning the licensing fee typically paid by a licensee for use of Harrington's photographs. That licensing fee has ranged from $1,400 to $12,500 for other photographs by Harrington. <u>See</u> ECF No. 12 at 11. Plaintiff further indicates that had Defendant sought a license for the Work, Plaintiff would have charged "at least $4,500" for an annual license of the Work for commercial use on Defendant's website. <u>Id.</u>; <u>see also</u> ECF No. 13 at ¶ 17. The $22,500 in statutory damages sought by Plaintiff is five times the amount Plaintiff would have earned from a license fee, if Defendant had sought a license.

The remaining factors—need for deterrence and conduct of the parties—support a meaningful statutory damages award but not one as high as $22,500. To be sure, Defendant's misconduct was willful. Plaintiff tried to no avail to contact Defendant to negotiate a license after she discovered the infringing use by Defendant. See Compl. ¶ 20. But there is no indication that the Work continues to be used by Defendant on its website. And Plaintiff has put forth only one instance of infringement by Defendant, in connection with one article published on Defendant's website.

Moreover, Plaintiff's requested amount of $22,500 is at the upper end of the range for statutory damages. Although cases "reflect[ ] a wide range" of statutory damages awards for copyright infringement of photographs, Burch v. Nyarko, No. 06-CV-7022 (LAP) (GWG), 2007 WL 2191615, at *3 (S.D.N.Y. July 31, 2007), the amount of statutory damages awarded has tended to be at the lower end of the range, even where a defendant has defaulted. See Sadowski v. Yeshiva World News, LLC, No. 21-CV-7207 (AMD) (MMH), 2023 WL 2707096, at *5-7 (E.D.N.Y. Mar. 16, 2023) (explaining that courts in this Circuit typically award "statutory damages between $1,000 and $5,000 in cases of single use copyright infringement" and awarding $7,500 for willful infringement by defaulting defendant despite plaintiff's request for $22,500); Burch, 2007 WL 2191615 at *3 (awarding $15,000 for infringement of each of four photographs); Wilen v. Alt. Media Net, Inc., No. 03-CV-2524, 2004 WL 2823036, at *2 (S.D.N.Y. Dec. 3, 2004) (awarding $20,000 per photograph where defaulting defendant copied seven of plaintiff's photographs). And, here, Plaintiff's requested amount of $22,500 is five times the license fee Plaintiff would have received had Defendant sought to lawfully use the Work on its website. See Erickson Prods., Inc. v. Only Websites, Inc., No. 12-CV-1693 (PGG)

(KNF), 2015 WL 13745786 at *4 (S.D.N.Y. Sept. 2, 2015) (awarding $3,750 per infringed

photograph or three times the licensing fee the plaintiffs typically charged).

Accordingly, I recommend a statutory damages award of $13,500, which is three times

the amount Plaintiff would have obtained from a license fee. That amount serves to adequately

compensate Plaintiff for the infringement and is also sufficient to put "infringers on notice that it

costs less to obey the copyright laws than to violet them." Broad. Music, Inc. v. Prana Hosp.,

Inc., 158 F. Supp. 3d 184, 198 (S.D.N.Y. 2016) (quoting BMI v. R Bar of Manhattan, 919 F.

Supp. 656, 660 (S.D.N.Y. 1996)).

    2.  Attorneys' Fees and Costs

Plaintiff seeks $2,902.50 in attorneys' fees and $625.37 in costs. See ECF No. 12 at 15. A

court has the authority, under 17 U.S.C. § 505, to award attorneys' fees and costs to the

prevailing party in a copyright suit. Here, attorneys' fees and costs are appropriate to compensate

Plaintiff, who is undoubtedly a prevailing party, for the expense she has incurred in bringing this

suit to protect the copyright she owns in the Work. See, e.g., All–Star Mktg. Grp., LLC v. Media

Brands Co., 775 F. Supp. 2d 613, 628-29 (S.D.N.Y. 2011) (collecting cases where attorneys'

fees were awarded in willful copyright infringement case where defendant defaulted).

As the Second Circuit noted in Arbor Hill Concerned Citizens Neighborhood Ass'n v.

County of Albany, "[t]he most useful starting point for determining the amount of a reasonable

fee is the number of hours reasonably expended on the litigation multiplied by a reasonable

hourly rate." 522 F.3d 182, 186 (2d Cir. 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433

(1983)). Because the fee applicant bears the burden of establishing the reasonableness of the

hourly rates requested, the applicant must produce evidence demonstrating that the requested

rates are "in line with those [rates] prevailing in the community for similar services by lawyers of

reasonable comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896

n.11 (1984); accord Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006). The

Court may also "rely on its own familiarity with prevailing rates in the District." Noble v.

Crazetees.com, No. 13-CV-5086 (PAE) (HBP), 2015 WL 5697780, at *9 (S.D.N.Y. Sept. 28,

2015) (citing A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ., 407 F.3d 65, 82 (2d Cir. 2005), and

Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987)).

     Here, one attorney and one paralegal performed work in this case. ECF No. 14 at ¶ 6.

Daniel DeSouza has been practicing law for eighteen years and is "one of two principal

shareholders" of his firm. Id. ¶ 3. He has served as counsel of record in "dozens of copyright

infringement, trade secret, and trademark infringement lawsuits." Id. ¶ 5. He seeks an hourly rate

of $450. Id. ¶ 12. Courts in this District have previously approved an hourly rate of $450 for Mr.

DeSouza. See, e.g., Prepared Food Photos, Inc. v. Trip Rest., LLC, 22-CV-07953 (ER), 2023

WL 2955298 at *7 (S.D.N.Y. Apr. 14, 2023) (awarding DeSouza hourly rate of $450 in

copyright infringement case where defendant defaulted, concluding that rate was reasonable).

Additionally, the hourly rate of $450 is within the range of hourly fees approved by Courts in

this Circuit for an attorney in a copyright infringement case. See Bass v. Diversity Inc. Media,

19-CV-2261 (AJN), 2020 WL 2765093 at *6 (S.D.N.Y. May 28, 2020) (noting that courts in this

Circuit have approved "up to $500 for partners in copyright cases"). I thus recommend

concluding that DeSouza's requested rate of $450 be approved as reasonable.

     One paralegal, Denise Sosa, also worked on this case and Plaintiff seeks approval of an

hourly rate of $125 for Sosa's work. ECF No. 14 at ¶ 12. Sosa has twenty-eight years of

experience as a paralegal and primarily focuses on commercial litigation. Id. ¶ 6. Sosa's

requested hourly rate is also within the range of hourly rates typically approved by courts in this

District for paralegals. See Figueroa v. W.M. Barr & Co., Inc., No. 18-CV-11187 (JGK) (KHP),

2020 WL 2319129, at *3 (S.D.N.Y. May 11, 2020) (approving paralegal hourly rate of $158 and

$110); Euro Pac. Capital, Inc. v. Bohai Pharm. Grp., Inc., No. 15-CV-4410 (VM) (JLC), 2018

WL 1229842, at *9 (S.D.N.Y. Mar. 9, 2018) (approving paralegal hourly rate of $150), adopted

by 2018 WL 1596192 (S.D.N.Y. Mar. 28, 2018). I therefore recommend approving the requested

hourly rate for Sosa of $125 as reasonable.

*b. Reasonable Number of Hours Expended*

DeSouza's expended 5.95 hours of time performing legal work in this matter and Sosa

expended 1.8 hours. ECF No. 14 at ¶ 11. In evaluating whether the claimed hours are reasonable,

a court considers "whether, at the time the work was performed, a reasonable attorney would

have engaged in similar time expenditures." Hollander Glass Texas, Inc. v. Rosen-Paramount

Glass Co., Inc., 291 F. Supp. 3d 554, 562 (S.D.N.Y. 2018) (quoting Grant v. Martinez, 973 F.2d

96, 99 (2d Cir. 1992)). "Because attorney's fees are dependent on the unique facts of each case,

the resolution of this issue is committed to the discretion of the district court." Id. (quoting

Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992)). In exercising this discretion, the district

court should look "to its own familiarity with the case and its experience with the case and its

experience generally as well as to the evidentiary submissions and arguments of the parties." Id.

(internal quotation marks omitted) (quoting Di Filippo v. Morizio, 759 F.2d 231, 236 (2d Cir.

1985)). Additionally, it is well-established that an attorney seeking reimbursement of fees "must

document the application with contemporaneous time records . . . specify[ing], for each attorney,

the date, the hours expended, and the nature of the work done." Id. (quoting N.Y. State Ass'n for

Retarded Child., Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)).

In support of the application for attorneys' fees, Plaintiff's counsel submitted copies of his invoices showing the date on which services were performed, the hours expended, and a description of the work done. See ECF No. 14, Ex. 1. Counsel attests that the records are based on contemporaneous time entries. Id. ¶ 10. "This satisfies the contemporaneous time records requirement." Hollander Glass Texas, Inc., 291 F. Supp. 3d at 562-63.

Moreover, the amount of time expended is reasonable in this case. In this straightforward copyright-infringement case where Defendant never appeared and Plaintiff obtained a default judgment, Plaintiff's counsel is seeking reimbursement for only 5.95 hours of attorney time and 1.8 hours of paralegal time. The time entries indicate that the minimal number of hours expended by DeSouza and Sosa were reasonable given the nature of the work, such as drafting the complaint, drafting the default judgment papers, and ensuring service of the relevant papers on Defendant. See ECF No. 14, Ex. 1.

At the hourly rate of $450 for 5.95 hours of work, I recommend awarding Plaintiff a total of $2,677.50 for DeSouza's work. And at an hourly rate of $125 for 1.8 hours of work, I recommend awarding Plaintiff $225 for Sosa's work. In sum, I recommend awarding Plaintiff $2,902.50 in attorneys' fees.

       *c. Costs*

Plaintiff also seeks $625.37 in costs. ECF No. 14 ¶ 15. Generally "[o]ut of pocket litigation costs are [ ] recoverable if they are necessary for the representation of the client." Tri–Star Pictures v. Unger, 42 F.Supp.2d 296, 306 (S.D.N.Y.1999).

Plaintiff seeks reimbursement for the filing fee incurred in commencing this action ($402) and for the cost of service of process on Defendant ($223.37). ECF No. 14 ¶ 15. The Court may "tak[e] judicial notice of the court filing fee," see Malibu Media, LLC v. Greenwood,

No. 17-CV-1099 (PAE) (SLC), 2019 WL 7580083, at *5 (S.D.N.Y. Dec. 17, 2019), and Plaintiff

submitted receipts for its process server costs, <u>see</u> ECF No. 14, Ex. 1. These costs are the types

of routine expenses awarded to prevailing parties in copyright infringement actions. <u>See</u> <u>Howarth</u>

<u>v. FORM BIB LLC</u>, No. 18-CV-7047 (JPO) (SN), 2020 WL 3441030, at *6 (S.D.N.Y. May 11,

2020) (awarding filing fees and charges for service of process in a copyright infringement case),

<u>R&R adopted</u>, 2020 WL 3436685 (S.D.N.Y. June 22, 2020). I therefore recommend an award of

$625.37 in costs.

In sum, I recommend a total award of $3,527.87 in attorneys' fees and costs.

3. <u>Permanent Injunction</u>

Plaintiff also seeks injunctive relief prohibiting Defendant from future infringement. <u>See</u>

ECF No. 12 at 15-16. A court may grant "final injunctions on such terms as it may deem

reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Here,

"Plaintiff has met the threshold inquiry of actual success on the merits; that success is based on

Defendant['s] default and the Court's subsequent determination of liability." <u>Gogo Apparel, Inc.</u>

<u>v. Daruk Imports, Inc.</u>, No. 19-CV-5701 (LGS) (SDA), 2020 WL 4274793, at *8 (S.D.N.Y. June

11, 2020), <u>report and recommendation adopted</u>, 2020 WL 4271694 (S.D.N.Y. July 23, 2020).

Beyond establishing actual success on the merits, a plaintiff seeking a permanent injunction must

also demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at

law, such as monetary damages, are inadequate to compensate for that injury; (3) that,

considering the balance of hardships between the plaintiff and defendant, a remedy in equity is

warranted; and (4) that the public interest would not be disserved by a permanent injunction."

<u>Salinger v. Colting</u>, 607 F.3d 68, 77 (2d Cir. 2010) (quoting <u>eBay Inc. v. MercExchange, LLC</u>,

547 U.S. 388, 391 (2006)).

14

In copyright infringement cases, courts have awarded injunctive relief where the plaintiff has shown "a threat of continuing infringement" by the defendant. Gogo Apparel, Inc., 2020 WL 4274793, at *7. Where a plaintiff can show a threat of continuing infringement, courts have concluded that monetary damages are inadequate. See Pearson Educ., Inc. v. Vergara, No. 09 Civ. 6832 (JGK) (KNF), 2010 WL 3744033, at *4 (S.D.N.Y. Sept. 27, 2010) (explaining that plaintiff "has no adequate remedy at law where, absent an injunction, the defendant is likely to continue infringing" the copyright); Hounddog Prods., LLC v. Empire Film Grp., Inc., 826 F. Supp. 2d 619, 633 (S.D.N.Y. 2011) (concluding that monetary damages were inadequate where there was "no evidence to suggest that [Defendant] has stopped or will stop" infringing plaintiffs' copyrights). Conversely, where a plaintiff cannot show a threat of continuing infringement by a defendant, courts have declined to issue a permanent injunction. See Caffey v. Cook, 409 F. Supp. 2d 484, 510 (S.D.N.Y. 2006) (denying permanent injunction where there was no evidence of a continuing threat of infringement); Masterfile Corp. v. Country Cycling & Hiking Tours by Brooks, Inc., No. 06-CV-6363 (SAS) (FM), 2008 WL 313958, at *5 (S.D.N.Y. Feb. 4, 2008) (denying permanent injunction because plaintiff failed to demonstrate that defendant "will continue to violate its copyrights"), adopted by, 2008 WL 11516909 (S.D.N.Y. Feb. 21, 2008).

Plaintiff has adduced no evidence that Defendant is continuing to infringe the copyright in the Work or will do so again in the future. The article appears to have been taken down from Defendant's website and there is no indication that the Work is posted somewhere else on Defendant's website. I therefore recommend denying Plaintiff's request for a permanent injunction, because Plaintiff has failed to submit any evidence that Defendant continues to infringe Plaintiff's copyright or threatens to do so again in the future. See, e.g., Masterfile Corp.,

2008 WL 313958, at *5 (declining request for permanent injunction where all infringing material had been removed from defendant's website and plaintiff failed to show that defendant would continue to violate plaintiff's copyrights); Caffey, 409 F. Supp. 2d at 510 (denying request for permanent injunction in part because plaintiff failed to submit any evidence of a threat of continuing infringement).

    4.  Pre-Judgment Interest

Plaintiff also requests an award of pre-judgment interest. Compl. ¶ e. "The Copyright Act neither allows nor prohibits an award of pre-judgment interest, and the issue of the permissibility of pre-judgment interest is unresolved in this Circuit." Capitol Recs., Inc. v. MP3tunes, LLC, No. 07-CV-9931, 2015 WL 13684546, at *4 (S.D.N.Y. Apr. 3, 2015). Courts therefore "have the discretion to award or not award pre-judgment interest in copyright cases." Stokes, 2023 WL 4447073, at *12.

I recommend awarding pre-judgment interest to Plaintiff. First, Plaintiff is not receiving the maximum allowable statutory damages for a willful infringement. Cf. Johnson v. Tennyson, No. 22-CV-05683 (JMF) (SDA), 2023 WL 2747025, at *8 (S.D.N.Y. Mar. 8, 2023) (declining to award pre-judgment interest on top of an award of enhanced damages). Second, had Defendant sought to properly use the Work through a license, Plaintiff would have had the benefit of the license fee at an earlier time. Cf. Stokes, 2023 WL 4447073, at *12 (S.D.N.Y. July 11, 2023) (declining to award pre-judgment interest because the plaintiff admitted that he would not have licensed the photograph for the defendant's use).

There is no federal statutory rate for pre-judgment interest and courts have "discretion as to the rate of interest to be applied" in calculating pre-judgment interest. Bus. Casual Holdings, LLC v. TV-Novosti, No. 21-CV-2007 (JGK) (RWL), 2023 WL 1809707, at *13 (S.D.N.Y. Feb.

16

8, 2023); <u>Dweck v. Amadi</u>, No. 10-CV-2577 (RMB) (HBP), 2011 WL 3809907, at *6 (S.D.N.Y. July 26, 2011). Many courts in intellectual property cases apply the federal post-judgment interest rate set forth in 28 U.S.C. § 1961(a) to calculate pre-judgment interest. <u>Bus. Casual Holdings</u>, 2023 WL 1809707, at *13 (awarding pre-judgment interest at federal rate in § 1961(a)); <u>Cengage Learning, Inc. v. Shi</u>, No. 13-CV-7772 (VSB), 2017 WL 1063463, at *5 (S.D.N.Y. Mar. 21, 2017) (awarding prejudgment interest in a copyright and trademark case "in accordance with the rate set forth in 28 U.S.C. § 1961"); <u>Dweck</u>, 2011 WL 3809907, at *6 (awarding pre-judgment interest at rate contained in § 1961). I thus recommend awarding pre-judgment interest at the rate set forth in 28 U.S.C. § 1961.

As for the date when pre-judgment interest should start to run, the complaint does not indicate when Defendant first infringed the copyright in the Work. I therefore recommend that pre-judgment interest be calculated from the date of the filing of this action, April 18, 2023, to the entry of judgment. <u>See</u> <u>Dweck</u>, 2011 WL 3809907, at *6 (calculating pre-judgment interest from date of the filing of the action).

## CONCLUSION

For the foregoing reasons, I recommend that default judgment in favor of Plaintiff with respect to Plaintiff's copyright infringement claim. I further recommend that Plaintiff be awarded $13,500 in statutory damages and $3,527.87 in attorneys' fees and costs. Additionally, I recommend that Plaintiff be awarded pre-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961. Plaintiff is directed to serve a copy of this Report and Recommendation on Defendant and file an affidavit of service on the docket by December 5, 2023.

**SO ORDERED.**

DATED:     New York, New York
           November 21, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Jessica G. L. Clarke. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**